IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| KEVIN HOOKS, #151798, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 3:23-cv-00671 |
| AMBER L. PHILLIPS, | ) ) | JUDGE RICHARDSON |
| Defendant. | ) ) | |

**<u>ORDER</u>**

Pro se inmate Kevin Hooks filed this case on July 6, 2023. On November 2, 2023, the case was transferred to the undersigned as a case related to *Harris v State of Tennessee, et al.*, No. 3:19-cv-00174 (M.D. Tenn.) (Richardson, J.). (*See* Doc. No. 9.)

On February 23, 2024, this case, along with a number of nearly identical cases filed by inmates in multiple different facilities within the Tennessee Department of Correction (TDOC), was stayed pending further order of the Court after resolution of related matters in *Harris*. (Doc. No. 10 ("the Stay Order").)

*Harris* began—and survived initial screening under the Prison Litigation Reform Act—as a multi-plaintiff, pro se filing by 14 TDOC inmates who purported to represent a class of inmates challenging, among other things, the constitutionality of Tennessee's sentencing scheme and the calculation of release eligibility for offenders sentenced to life imprisonment. The *Harris* plaintiffs subsequently recognized that pro se prisoners could not adequately represent the interest of a class of plaintiffs and moved for appointment of counsel. (*Harris*, Doc. No. 37.) That motion was granted, and counsel was appointed. (*Id.*, Doc. Nos. 58, 62.) Thereafter, the Court determined that

Mr. Harris was the only proper plaintiff to the action and that the other 13 inmates were misjoined. (*Id.*, Doc. No. 96.) The Court therefore dismissed the 13 misjoined inmates[1] from *Harris*, leaving as pending Mr. Harris's claims and the related class action allegations. (*Id.* at 7.) Successor counsel has since been appointed, and the Court anticipates that an amended complaint will be filed in *Harris* soon, unless the parties settle the matter. As it stands, the most recent complaint in *Harris* seeks declaratory and injunctive relief on behalf of Mr. Harris and a putative class of state inmates "who are serving life sentences or who are otherwise eligible to request a sentence recalculation," challenging Tennessee's statutes regarding life sentences and sentence credits as unconstitutionally vague under the Due Process Clause, and challenging TDOC's process for recalculating a prisoner's sentence as violative of the Eighth Amendment and the Due Process Clause. (*Id.*, Doc. No. 72 at 6 ¶ 31, 7 ¶ 35.) Mr. Harris was sentenced under prior versions of the challenged state sentencing laws, but because of the overlap between the constitutional issues raised in *Harris* and those raised in the more recent related cases filed pro se (of which Plaintiff Hooks's is one), the Court exercised its discretion in managing its docket to stay the more recent cases filed pro se.

Plaintiff Hooks has now filed a Motion to Reconsider the Stay Order. (Doc. No. 12.) In his Motion, Hooks argues that this case "arose out of" the order in *Harris* that dismissed the misjoined plaintiffs, and that dismissing those plaintiffs from *Harris* only to stay their new filings pending further proceedings in *Harris* does not make sense. But Plaintiff Hooks was not a party to *Harris*. And even if it ends up becoming apparent that the issues in *Harris* will not overlap with Hooks's Complaint or will not be certified for prosecution on behalf of a class in which Hooks can claim

---

[1] The names of these inmates are Randy Jones, Ronnie Armstrong, Jack Nunley, Raymond Teague, Michael Stewart, John Boatfield, Stacy Ramsey, Charles Mosley, William Ledford, Bruce Smiley, Lamont Johnson, Andrew Mann, and Eddie Murphy.

membership, such potential strong distinctions between Harris's case and this case not apparent at this point.

Plaintiff Hooks purports to have knowledge of "over 50 other Plaintiffs . . . [who] have filed and paid the filing fee [and] are now being stayed due to the *Harris* case." (Doc. No. 12 at 3.) He alleges that he and the other plaintiffs will be prejudiced by the Stay Order because (allegedly) their constitutional rights are currently being violated and because some of the other plaintiffs should have been eligible for parole consideration by now, in particular the plaintiff in Case No. 3:23-cv-00750, Mr. Charles Allen, who "has over twenty-five . . . calendar years served and is past his release eligibility date." (*Id.* at 4.)

The Court admonishes Plaintiff Hooks that he is not in position to advocate for his fellow inmate-plaintiffs, but "is limited to asserting alleged violations of his own constitutional rights." *Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989). Nor is the Court persuaded by his argument that undue prejudice will necessarily result from further delay in adjudicating the constitutionality of his (or any other plaintiff's) date of eligibility to be considered for release on parole; as he notes in his Complaint, any award of the relief sought therein would, "at most," "speed a parole hearing application[;] . . . it would not automatically result in speedier release [because] Tennessee authorities retain[ ] discretion to deny parole." (Doc. No. 1 at 28*); see Michael v. Ghee*, 498 F.3d 372, 378 (6th Cir. 2007) (noting that "[t]his Court has never held that an inmate's eligibility for parole at a certain time, under a discretionary parole system, is an atypical and significant hardship" for purposes of a due process claim). The Court remains convinced of the appropriateness of the Stay Order. Plaintiff Hooks's Motion to Reconsider that Order (Doc. No. 12) is **DENIED**.

Furthermore, in light of the Stay Order, Plaintiff's Request for Temporary Injunctive Relief (Doc. No. 11)—in which he seeks "an order to TDOC Sentence Management to cease and desist with the calculation and[/]or recalculation of all life sentences until Plaintiff's complaint is resolved" (*id.* at 4)—is also **DENIED**. Like Plaintiff's motion for class certification (Doc. No. 8) which the Court denied without prejudice to renewal, if appropriate, after the stay is lifted (*see* Doc. No. 10), this request—for preliminary injunctive relief that would enjoin Defendants' conduct affecting all similarly situated inmates—may be renewed, if appropriate, once the stay of this case is lifted.

    IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE